STATE OF SOUTH CAROLINA )
)
COUNTY OF DARLINGTON )
)                          **IN THE COURT OF COMMON PLEAS**
)
COREY PRICE and ROBERT PRICE, AS PRs, et al )
**Plaintiff(s)** )                          **CIVIL ACTION COVERSHEET**
)
vs. )                          1908CP160003
)
)
JIM KOREY CHAMBLEY, et al. )
**Defendant(s)** )

| | |
|---|---|
| Submitted By: Brent P. Stewart, Esq | SC Bar #: 66083 |
| Address: Stewart Law Offices, LLC | Telephone #: (803) 328-5600 |
| Post Office Box 670 | Fax #: (803) 328-5876 |
| Rock Hill, SC 29731 | Other: |
| | E-mail: brent@stewartlawoffices.net |

**NOTE:** The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

### *If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___ -NI-___ -___ | ☒ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| Warranty (160) | ☐ Other (299) ___ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) |
| ☐ Employment (180) | | ☐ Other (399) ___ | |
| ☐ Other (199) ___ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured | ☐ Worker's Comp (960) |
| | | Settlement Payment Rights | ☐ Zoning Board (970) |
| | | Application (760) | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | Compensation Settlement | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | Approval (780) | |
| ☐ Other (699) ___ | ☐ Motion to Quash Subpoena in | ☐ Other (799) ___ | |
| ☐ Sexual Predator (510) | an Out-of-County Action (660) | | |
| ☐ Permanent Restraining Order (680) | ☐ Pre-Suit Discovery (670) | | |

**Submitting Party Signature:** *[signature]*    **Date:** January 2, 2019

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (03/2016)                          Page 1 of 2    **EXHIBIT A**

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**     **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FOURTH JUDICIAL CIRCUIT |
| **COUNTY OF DARLINGTON** ) | |

Corey Price and Robert Price, as Personal )
Representatives of the Estate of )
Brenda Mickens, )
          )
         Plaintiffs, )
          )
      -vs- )
          )
Jim Korey Chambley and Darling Ingredients )
and/or Denali Water Solutions, LLC, )
Jointly and Severally, )
          )
         Defendants. )
          )

# 19CP160003

**SUMMONS**
(Wrongful Death & Survival Action)
(Jury Trial Requested)

**TO:     THE ABOVE-NAMED DEFENDANTS AND DEFENDANTS' ATTORNEY:**

YOU MAY PLEASE TAKE NOTICE that you are hereby summoned and required to answer the

Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your

Answer on the attorney for the Plaintiff listed below at his office at Post Office Box 670, Rock Hill, South

Carolina, 29731-6670, within thirty (30) days after service hereof excluding the date of such service.  IF

YOU FAIL TO ANSWER THE COMPLAINT WITHIN THE TIME AFORESAID, PLAINTIFFS WILL

APPLY TO THE COURT FOR A JUDGEMENT BY DEFAULT FOR THE RELIEF DEMANDED IN

THE COMPLAINT AND ANY OTHER RELIEF DEEMED APPROPRIATE.

Respectfully submitted,

Brent P. Stewart (SC Bar #66083)
STEWART LAW OFFICES, LLC
Attorney for the Plaintiff
Post Office Box 670
Rock Hill, SC   29731
brent@stewartlawoffices.net
(803) 328-5600 - Telephone
(803) 328-5876 – Facsimile

December 21, 2018
Rock Hill, South Carolina

2019 JAN -4  AM 10: 25
SCOTT B. SUGGS
CLERK OF COURT/R.O.D.
DARLINGTON COUNTY, S.C.
FILED

EXHIBIT A

STATE OF SOUTH CAROLINA   )   IN THE COURT OF COMMON PLEAS
                       )   FOR THE FOURTH JUDICIAL CIRCUIT
COUNTY OF DARLINGTON     )

Corey Price and Robert Price, as Personal  )
Representatives of the Estate of  )
Brenda Mickens,  )
  )
     Plaintiffs,  )
  )
   -vs-  )
  )
Jim Korey Chambley and Darling Ingredients  )
and/or Denali Water Solutions, LLC,  )
Jointly and Severally,  )
  )
     Defendants.  )

# 19CP160003

**COMPLAINT**
(Wrongful Death & Survival Action)
(Jury Trial Requested)

**TO:   THE ABOVE-NAMED DEFENDANTS AND DEFENDANTS' ATTORNEYS:**

The Plaintiffs, Corey Price and Robert Price, individually and as the Personal Representatives of the Estate of Brenda Mickens, complaining of the acts and omissions of the Defendants named above, jointly and severally, would respectfully show unto this Honorable Court:

1.    The Plaintiffs, Corey Price and Robert Price, are the duly appointed Personal Representatives of the estate of Brenda Mickens.  At all times relevant hereto, Corey Price and Robert Price bring this action individually and as Personal Representatives of the estate Brenda Mickens for the Survival and Wrongful Death actions for damages pursuant to S.C. Code Ann. § 15-5-90, and for damages recoverable by the statutory beneficiaries of decedent pursuant to S.C. Code Ann. § 15-51-10, *et. seq.* and for punitive damages.  Plaintiff Corey Price is the son and statutory beneficiary of Brenda Mickens and is a citizen and resident of Anson County, North Carolina; Robert Price is the son and statutory beneficiary of Brenda Mickens and is a citizen and resident of Chesterfield County, South Carolina.

2

EXHIBIT A

2.      Upon information and belief, Jim Korey Chambley ("Defendant Chambley") is a citizen and resident of the County of Darlington, State of South Carolina

3.      That, upon information and belief, Defendants Darling Ingredients, Inc. and/or Denali Water Solutions, LLC, is a domestic company incorporated, organized, existing under the law of the State of Delaware, regularly doing business in the State of South Carolina.

4.      Personal and subject matter jurisdiction are appropriate in this Court because Defendants removed this matter to the District of South Carolina based upon diversity.

**Factual Allegations Common to All Causes of Action**

5.      That on or about August 15, 2018, Ms. Mickens was the driver of a 2003 Mitsubishi vehicle, bearing a North Carolina license tag FAP3284, which was traveling North on US 52, near the city of Society Hill, State of South Carolina; Defendant Jim Korey Chambley was operating a 2016 Chevrolet Pickup, bearing Arizona tag number 197XOZ, owned by Defendant Darling Ingredients, Inc., and operated by Defendant Chambley with the owner's express permission, which was traveling South on U.S. 52, near the City of Society Hill, State of South Carolina.

6.      That on August 15, 2018, Defendant Jim Korey Chambley was distracted by and/or using his cell phone when suddenly and without warning, crossed the center line into the direct path of the vehicle Plaintiff Mickens was operating and hitting her head on, resulting in significant personal injuries, damages and losses of Plaintiff(s) which are the basis of this claim.

7.      That at all times hereinafter mentioned, the Defendant Jim Korey Chambley was the employee of Defendant Darling Ingredients, Inc. and/or Denali Water Solutions, LLC, and that all acts herein complained of were performed and done by Defendant Chambley in the course and scope of his agency, authority and/or employment with the express and/or implied authority of Defendant Darling Ingredients, Inc. and/or Denali Water Solutions, LLC pursuant to the doctrine of *respondent* superior.

3

EXHIBIT A

8.    That each of the Defendants, individually and by and through their servants, agents, and/or employees, were negligent, grossly negligent, careless, reckless, willful and wanton in causing the above-mentioned wreck.

9.    Upon information and belief, the injuries to and subsequent death of Ms. Mickens was the direct and proximate result of and were caused and occasioned by the negligence, carelessness, recklessness, and willfulness, and wantonness on the part of the Defendants.

<u>FOR A FIRST CAUSE OF ACTION</u>
**(Wrongful Death Pursuant to S.C. Code § 15-51-10, et seq.)**
**(Negligence, Recklessness, and Gross Negligence as to all Defendants)**

10.    That each and every allegation contained in paragraphs one (1) through nine (9) 0of this Complaint is re-alleged as if set forth here fully in its entirety.

11.    That Defendant Chambley, by his acts and/or omissions, was negligent, grossly negligent, careless, reckless, willful and wanton in one or more of the following particulars, to wit:

a.    In then and there failing to keep a proper lookout;

b.    In then and there failing to maintain proper control over the above-mentioned motor vehicle;

c.    In then and there operating said motor vehicle while being distracted by and/or using his cell phone while driving in violation of South Carolina Code of Law § 56-5-2930;

d.    In knowingly and recklessly crossing the center line in flagrant violation of safety rules and causing a collision with decedent Mickens' vehicle;

e.    In then and there failing to take advantage of any last clear chance to avoid striking the vehicle in which decedent Mickens was operating, when this Defendant saw or should have seen said vehicle;

f.    In then and there failing to take any evasive action, by any means, to keep from striking the vehicle in which deceased Plaintiff was operating;

4

EXHIBIT A

g.    In then and there failing to properly observe the road and traffic conditions;

h.    In then and there failing to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances;

i.    In then and there operating a motor vehicle with a reckless disregard for the rights and safety of others, and especially the rights and safety of decedent Mickens;

j.    In then and there failing to accept responsibility for Defendant's negligent, grossly negligent, and willful and wanton behavior and actually lying to emergency response personnel in order to avoid liability; and

k.    Such other and further particulars as the evidence at trial may show.

All of which were the direct and proximate cause of injuries and damages decedent Mickens suffered, as are more fully set forth below, said acts being in violation of the laws of the State of South Carolina.

12.    That Defendant(s) Darling Ingredients, Inc. and/or Denali Water Solutions, LLC, individually and through its agents, servants, and/or employees was negligent, grossly negligent, careless, reckless, willful and/or wanton in one or more of the following particulars, to wit:

a.    In then and there failing to keep a proper lookout;

b.    In then and there failing to maintain proper control over the above-mentioned motor vehicle;

c.    In then and there operating said motor vehicle while being distracted by and/or using his cell phone while driving in violation of South Carolina Code of Law § 56-5-2930;

d.    In knowingly and recklessly crossing the center line in flagrant violation of safety rules and causing a collision with decedent Mickens' vehicle;

e.    In then and there failing to take advantage of any last clear chance to avoid striking the vehicle in which Plaintiff was operating, when this Defendant saw or should have seen said vehicle;

f.    In then and there failing to take any evasive action, by any means, to keep from striking the vehicle in which the deceased Plaintiff was operating;

5

g.   In then and there failing to properly observe the road and traffic conditions;

h.   In then and there failing to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances;

i.   In then and there operating a motor vehicle with a reckless disregard for the rights and safety of others, and especially the rights and safety of decedent Mickens;

j.   In failing to properly supervise, train and/or educate its employees and/or agents;

k.   In failing to maintain their obligation of duty of care to third parties;

l.   In failing to abide by Defendant(s) Darling Ingredients, Inc. and/or Denali Water Solutions, LLC company policies as set out in their own rules and regulations;

m.   In turning a blind eye to safety violations such as telephone usage and reckless driving, thereby endangering the public and other drivers such as decedent Mickens;

n.   Such other and further particulars as the evidence at trial may show.

All of which were the direct and proximate cause of injuries and damages decedent Mickens suffered, as are more fully set forth below, said acts being in violation of the laws of the State of South Carolina.

13.   As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the statutory standard of care by Defendant(s), Ms. Mickens suffered from severe injuries resulting in her death, and thus the negligence was the cause of the loss of the support, aid, society, comfort, and companionship, and mental shock and suffering of her heirs at law. The estate is therefore entitled to recover from Defendant(s) a sum of money to compensate the heirs at law for the medical expenses, funeral expenses, mental shock and suffering, wounded feelings, grief and sorrow, and loss for the aid, society, comfort, and companionship of the decedent. Plaintiffs are also entitled to recover a sum of punitive damages to punish and deter these Defendant(s) and others like them from similar acts of conduct in the

EXHIBIT A

future. All damages should be in an amount determined by a jury in this action.

## FOR A SECOND CAUSE OF ACTION
### (Survivorship Action)
### (Negligence, Recklessness, and Gross Negligence as to all Defendants)

14.    That each and every allegation contained in paragraphs one (1) through thirteen (13) of this Complaint is re-alleged as if set forth here fully in its entirety.

17.    As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, willful and wanton behavior and departure from the statutory standard of care, Ms. Mickens suffered from severe injuries and conscious pain and suffering, as a result of which Ms. Mickens is entitled to recover a sum to compensate her estate for her conscious pain and suffering, medical expenses, mental anguish, loss of enjoyment of life, disfigurement, emotional distress, and other damages. Plaintiffs are also entitled to recover a sum of punitive damages to punish and deter these Defendant(s) and others like them form similar conduct in the future. All damages should be in an amount determined by a jury in this action.

Respectfully submitted,

Brent P. Stewart (SC Bar #66083)
Stewart Law Offices, L.L.C.
Post Office Box 670
Rock Hill, South Carolina  29731
Telephone: (803) 328-5600
*Attorney for Plaintiffs*
brent@stewartlawoffices.net

December 21, 2018
Rock Hill, South Carolina

7

EXHIBIT A

ELECTRONICALLY FILED - 2019 Feb 14 10:25 AM - DARLINGTON - COMMON PLEAS - CASE#2019CP1600003

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF DARLINGTON | ) | Docket No.: 2019-CP-16-0003 |
| | ) | |
| Corey Price and Robert Price, as | ) | |
| Personal Representatives of the Estate of | ) | |
| Brenda Mickens, | ) | |
| | ) | |
| Plaintiffs, | ) | ANSWER OF DEFENDANT |
| | ) | DARLING INGREDIENTS, INC. |
| vs. | ) | (Jury Trial Requested) |
| | ) | |
| Jim Korey Chambley and Darling | ) | |
| Ingredients and/or Denali Water | ) | |
| Solutions, LLC, Jointly and Severally, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Defendant, Darling Ingredients, Inc., above-named, answering the Complaint of the Plaintiffs herein, would respectfully show unto this Court as follows:

## FOR A FIRST DEFENSE

1.    The answering Defendant admits, upon information and belief, the allegations contained in Paragraph 1 of the Plaintiffs' Complaint.

2.    The answering Defendant admits, upon information and belief, the allegations contained in Paragraph 2 of the Plaintiffs' Complaint.

3.    The answering Defendant denies the allegations contained in Paragraph 3 of the Plaintiffs' Complaint.

4.    The allegations contained in Paragraph 4 of the Plaintiffs' Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the answering Defendant denies the same.

Page 1 of 5

EXHIBIT A

ELECTRONICALLY FILED - 2019 Feb 14 10:25 AM - DARLINGTON - COMMON PLEAS - CASE#2019CP1600003

5.    The answering Defendant admits only so much of the allegations contained in Paragraph 5 of the Plaintiffs' Complaint as could be construed to allege that on the specified date and at the specified location, the parties were traveling in the specified directions.    The answering Defendant denies the remaining allegations contained in said Paragraph including, but not limited to, any allegations that the answering Defendant had any ownership interest in the vehicle at issue being driven by Defendant Chambley.

6.    The answering Defendant admits only so much of the allegations contained in Paragraph 6 of the Plaintiffs' Complaint as could be construed to allege that on the specified date and at the specified location, a collision occurred.    The answering Defendant denies the remaining allegations contained in said Paragraph.

7.    The answering Defendant denies the allegations contained in Paragraph 7 of the Plaintiffs' Complaint as they pertain to this Defendant.

8.    The answering Defendant denies the allegations contained in Paragraph 8 of the Plaintiffs' Complaint as they pertain to this Defendant.

9.    The answering Defendant denies the allegations contained in Paragraph 9 of the Plaintiffs' Complaint as they pertain to this Defendant.

10.    The allegations contained in Paragraph 10 of the Plaintiffs' Complaint do not require a response.    To the extent a response is required; the answering Defendant denies the same.

11.    The answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Plaintiffs' Complaint, and therefore, denies the same including all subparts.

EXHIBIT A

ELECTRONICALLY FILED - 2019 Feb 14 10:25 AM - DARLINGTON - COMMON PLEAS - CASE#2019CP1600003

12.    The answering Defendant denies the allegations contained in Paragraph 12 of the Plaintiffs' Complaint, including all sub-parts as they relate to the answering Defendant. As the allegations relate to Defendant Denali Water Solutions, LLC, the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

13.    The answering Defendant denies the allegations contained in Paragraph 13 of the Plaintiffs' Complaint as they relate to the answering Defendant.

14.    The allegations contained in Paragraph 14 of the Plaintiffs' Complaint do not require a response. To the extent a response is required, the answering Defendant denies the same.

15.    The answering Defendant denies the allegations contained in Paragraph 15 of the Plaintiffs' Complaint (incorrectly numbered 17).

16.    The answering Defendant denies each and every allegation of the Plaintiffs' Complaint not hereinbefore specifically admitted.

## FOR A SECOND DEFENSE

17.    The answering Defendant reincorporates and realleges Paragraphs 1 through 16 of its Answer as if fully repeated herein.

18.    The answering Defendant alleges that any injury and damage sustained by the Plaintiffs was due to and caused solely by the negligent acts or omissions of some person or persons other than the answering Defendant over whom the answering Defendant exercised no authority or control, for which reason the answering Defendant is not liable to the Plaintiffs in any sum whatsoever.

EXHIBIT A

ELECTRONICALLY FILED - 2019 Feb 14 10:25 AM - DARLINGTON - COMMON PLEAS - CASE#2019CP1600003

### FOR A THIRD DEFENSE

19.     The answering Defendant reincorporates and realleges Paragraphs 1 through 18 of its Answer as if fully repeated herein.

20.     The Plaintiffs' Complaint should be dismissed against the answering Defendant for lack of personal jurisdiction and insufficiency of service of process pursuant to Rules 12(b)(2) and 12(b)(5) of the South Carolina Rules of Civil Procedure.

### FOR A FOURTH DEFENSE

21.     The answering Defendant reincorporates and realleges Paragraphs 1 through 20 of its Answer as if fully repeated herein.

22.     The Plaintiffs' Complaint should be dismissed against the answering Defendant pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure as Plaintiff has failed to state a claim against the answering Defendant.

### FOR A FIFTH DEFENSE

23.     The answering Defendant reincorporates and realleges Paragraphs 1 through 22 of its Answer as if fully repeated herein.

24.     The imposition of punitive damages against the answering Defendant would constitute a violation of its due process and equal protection rights as secured by both the United States Constitution and the Constitution of the State of South Carolina in that:

a.     the judiciary's ability to correct a punitive award only upon a finding of passion, prejudice, or caprice is consistent with due process guarantees;

b.     any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

EXHIBIT A

ELECTRONICALLY FILED - 2019 Feb 14 10:25 AM - DARLINGTON - COMMON PLEAS - CASE#2019CP1600003

c.     any award of punitive damages based upon the wealth of the answering Defendant violates due process and equal protection guarantees;

d.     the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and in inconsistent with due process guarantees; and

e.     even if it could be argued that the standard governing the imposition of punitive damages exist, the standard is void for vagueness.

## **DEMAND FOR JURY TRIAL**

25.    The answering Defendant respectfully requests that all genuine issues of material fact, should any exist, be tried before a jury.

WHEREFORE, having fully answered, the answering Defendant prays that the Plaintiffs' Complaint against it be dismissed with costs.

Florence, South Carolina                    KING, LOVE, HUPFER & NANCE, LLC

February 14, 2019

BY: s/ Edward A. Love
     EDWARD A. LOVE
     I.D. No.: 75118
     Post Office Box 1764
     135 South Dargan Street, Suite 201
     Florence, SC 29503
     (843) 407-5525 – Tel
     (843) 407-5782 – Fax

ATTORNEY FOR DEFENDANT,
DARLING INGREDIENTS, INC.

EXHIBIT A

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
                           )
COUNTY OF DARLINGTON       )    Docket No.: 2019-CP-16-0003
                           )
Corey Price and Robert Price, as    )
Personal Representatives of the Estate of )
Brenda Mickens,            )
                           )
                Plaintiffs,    )
                           )
    vs.                    )    CERTIFICATE OF SERVICE
                           )
Jim Korey Chambley and Darling    )
Ingredients and/or Denali Water    )
Solutions, LLC, Jointly and Severally,    )
                           )
                Defendants.    )
_____)

I hereby certify that I have this ___14th___ day of February 2019 served a copy of the

foregoing *Darling Ingredients, Inc.'s Answer* on counsel for Denali Water Solutions, LLC by

mailing a copy of the same to:

> Will Bryan, Esquire
> Collins and Lacy, PC
> 11945 Grandhaven Drive, Suite D
> ]Murrells Inlet, SC 29576

_____
Wendy R. Lee
Legal Assistant to Edward A. Love

EXHIBIT A